CYNTHIA L. JOHNSON, (Bar No. 014492)
LAW OFFICE OF CYNTHIA L. JOHNSON
11640 East Caron Street
Scottsdale, AZ 85259
Phone: (480) 381-7929

Email: cynthia@jsk-law.com

*Attorney for Secured Creditor*

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| In Re: | Chapter 13 |
|---|---|
| JOHN WILLIAM HALL, IV | Case No. 2:18-bk-14380-PS |
| Debtor. | **MOTION FOR RELIEF FROM THE AUTOMATIC STAY** |
| | (Re: 3018 W. Kerry Lane, Phoenix, AZ 85027) |

Rezamp Lending, LLC, an Arizona Limited Liability Company ("Rezamp" or "Movant"), by and through undersigned counsel, and pursuant to Bankruptcy Rules of Procedure, Rules 4001 and 9014, hereby moves this Court for an Order, with respect to certain real property as described herein, lifting all stays and injunctions including the Automatic Stay Bankruptcy Code Section 362(a). Specifically, Movant requests that the Court issue an Order terminating or modifying the Automatic Stay applicable to the real property located at 3018 W. Kerry Lane, Phoenix, AZ 85027 to permit Movant and/or others acting on its behalf to enforce its security interest in certain property in which the Chapter 13 Estate may have an interest, including the right to foreclose upon such property and/or to otherwise acquire title thereto.

1

Movant requests this Court find that cause exists pursuant to 11 U.S.C. §362(d)(1) because Note secured by the real property located at 3018 W. Kerry Lane, Phoenix, AZ 85027 has matured and Debtor has failed to provide adequate protection to Movant.

This motion is made pursuant to Section 362(d)(1) of the Bankruptcy Code and based upon the attached Memorandum of Points and Authorities and all pleadings and records on file in this case and on such further oral, documented and demonstrative evidence and arguments of counsel as may be submitted before or at the hearing on this Motion.

RESPECTFULLY SUBMITTED this 3rd day of January, 2019.

**LAW OFFICE OF CYNTHIA L. JOHNSON**

By: */s/Cynthia L. Johnson*
Cynthia L. Johnson
*Attorney for Movant*

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### **Jurisdiction and Venue**

1. The Court has jurisdiction of this matter pursuant to 28 U.S.C. §157(b)(2)(G).

2. Filing this motion commences a contested matter pursuant to Rule 9014 of the Federal Rules of Bankruptcy Procedure.

3. This motion is made pursuant to Code §362(d)(1), as well as Bankruptcy Rules 4001 and 9014, and Local Bankruptcy Rule 4001-1.

2

4. Venue is proper before this Court, pursuant to 28 U.S.C. §1408 and 1409.

5. Debtor filed his Chapter 13 bankruptcy petition on November 27, 2018 (the "Petition Date").

**THE PARTIES/BACKGROUND**

6. On or about February 22, 2018, Debtor borrowed $286,000.00 from Movant to buy an investment property that he purchased for $318,000.00. Debtor executed a 6-Month Interest-only (16.0%) Promissory Note in favor of Movant, agreeing to repay the entire unpaid principal balance and accrued interest on or before August 22, 2018. A copy of the Original Promissory Note is attached as Exhibit A and incorporated by this reference (the "Note").

7. To secure the payment of the Note, Debtor as Trustee of the Trust granted Movant a security interest in real property through a 1st Deed of Trust and Assignment of Rents which was perfected by recording with the Recorder's Office of Maricopa County, Arizona, on February 23, 2018, at Recorder No. 2018-0140181 (the "Deed of Trust"). The Deed of Trust encumbers the real property located at 3018 W. Kerry Lane, Phoenix, AZ 85027 (the "Real Property"), which are legally described on the Deed of Trust. A Copy of the Deed of Trust is attached with Exhibit B and incorporated by this reference. The Note and Deed of Trust may be referred together as the "Loan Documents."

8. Debtor immediately fell into default on the Note, failing to make his first payment until two (2) months after it became due. Thereafter, Debtor only made one other payment on the Note, and has failed to make any payments since June 29, 2018.

9. The Note matured on August 22, 2018, prior to the Petition Date.

10. On August 27, 2018 Movant recorded a Notice of Trustee's Sale, *see*, Exhibit C; and Debtor declared bankruptcy in order to avoid foreclosure.

11. Default Interest is currently accruing at 24%, late charges accrue at 15% of the balance owed each month, attorney's fees, and costs continue to accrue and are all due and payable pursuant to the Loan Documents.

12. The outstanding debt as of the post petition default is itemized as follows:

| | |
|---|---|
| Principal Balance | $ 286,000.00 |
| Interest | $ 49,573.34 |
| Late Charges | $ 5,720.00 |
| Costs | $ 181.00 |
| Trustee Fees | $ 1,395.00 |
| Attorney's fees | $ 1,219.00 |
| **Total Due** | **$ 342,832.34** |

Debtor's interest in the Real Property is subject to Movant's lien, which will be satisfied only upon payment of the amount stated above, plus accruing post-petition interest, late charges, attorney's fees and foreclosure Trustee Fees.

14. Debtor has also refused to pay the 1st half of the property taxes, currently due in the amount of $1,044.47 plus accrued interest of $40.96 as of October 1, 2018. *See*, Exhibit D, incorporated by this reference.

## LEGAL ARGUMENT

**I.** **With a Note that has Matured, *Cause* Exists to Modify the Stay.**

11 U.S.C. §362 (d)(1) provides that the Court *shall* grant relief from the automatic stay for *cause.* The standards for relief set forth in 11 U.S.C. sections 362(d)(1) and (d)(2) are independent and alternative. Accordingly, relief may be

granted "for cause" under subsection 362(d)(1), despite the existence of equity in the collateral, which would preclude relief from the stay under 11 U.S.C. section 362(d)(2). *In re Can-Alta Properties, Ltd*, 87 B.R. 89, 91 (9th Cir. BAP 1988).

*Cause* first exists because Debtor Plan proposes to pay only $1,000.00 per month for 60 months to cure the "past due mortgage payments" and $3,813.00 for only three (3) months. *See*, Doc. No. 23. While Debtor has proposed a Plan that will technically cure the default, he has not proposed a Plan that includes maintenance of payments while the case is pending in accordance with 11 U.S.C. §1322(b)(5). Second, the Note matured and became fully due prior to the Petition Date. Thus, Debtor's proposed cure of the default will only result in a reinstatement of the original terms of the debt which will merely make the debt immediately due and payable. *In re Seidel*, 752 F.2d 1382 (1985), citing *In re Maloney*, 36 B.R. 876, 877 (Bankr.D.N.H. 1984). Thus, Debtor may not delay payment on an already matured debt by filing a Chapter 13 petition.

Cause also includes the lack of adequate protection of an interest in the secured creditor's interest in the property. This type of *cause* includes a failure to make monthly mortgage payments after filing a bankruptcy petition. *In re Delaney-Morin*, 304 B.R. 365, 370, fn 3 (9th Cir. BAP 2003), *citing, In re Jones*, 189 B.R. 13 (Bank.E.D.Okla. 1995). Lack of adequate protection exists where the debtor has completely or substantially failed to make post-petition payments. *In re Elmiria Litho, Inc*. 174 B.R. 892, 903 (Bankr. S.D.N.Y. 1994) (citations omitted). Here, since filing this case, Debtor has refused to pay any post-petition payments to Movant.

This total lack of assurances by Debtor establish a prima facie case that "cause" for relief exists under 11 U.S.C. §362 (d)(1). The burden therefore, has shifted to the Debtor to show that relief from the stay is unwarranted. *Truebro, Inc. v. Plumberex Specialty Products, Inc. (In re Plumberex Specialty Products, Inc*.) 311 B.R. 551, 557 (Bankr. C.D. Cal. 2014)(citing, *Sonnax Indus., Inc. Tri Component Prods. Corp. (In re Sonnax Indus., Inc*.) 907 F.2d 1280, 1285 (2nd Cir. 1990); *Duvar Apt., Inc. v. Deposit Ins. Corp. (In re Duvar Apt., Inc.),* 205 B.R. 196, 200 (B.A.P. 9th Cir. 1996).

## II.     The Burden of Proof.

Movant requesting stay relief has the burden of proof only on the issue of the debtor's lack of equity in the property under §362 (d)(2) which is not currently the subject of this Motion. *See,* 11 U.S.C. §362 (g)(1). Debtor has the burden of proof with respect to all other issues raised by this Motion. 11 U.S.C. §362 (g)(2); *see also, In re Gauvin,* 24 B.R. 578, 580 (B.A.P. 9th Cir. 1982)("It is therefore clear that §362 (g) puts the burden on the debtor") accord, *In re Jordan*, 392 B.R. 428, 450 n. 40 (Bankr. D. Idaho 2008).

## CONCLUSION

Movant has presented that a set of circumstances where *cause* exists to modify the provisions of 11 U.S.C. §362(a), the Automatic Stay, based on the foregoing three (3) reasons; thusly,

**WHEREFORE**, Movant respectfully requests that the Court enter an Order in its favor:

A.     Granting its Motion for Stay Relief;

6

B. Terminating and/or modifying the automatic stay to allow Movant or its assignee and entities acting directly for, on its behalf, or pursuant to its instruction to proceed with the enforcement of its claims against the Real Property and the corresponding remedies for enforcement of Movant's rights and remedies, including without limitation, any judicial or non-judicial foreclosure proceeding;

C. Terminating and/or modifying the automatic stay with regard to any subsequent bankruptcy filings by Debtor, or his wife with respect her interest if any in the subject property, in whatever chapter; and

D. Granting Movant such additional and further relief as the Court deems appropriate.

**RESPECTFULLY SUBMITTED** this 3rd day of January, 2019.

        **LAW OFFICE OF CYNTHIA L. JOHNSON**

        By: */s/ Cynthia L. Johnson*
        Cynthia L. Johnson
        Attorney for Secured Creditor

COPY of the foregoing electronically filed
this 3rd day of January, 2019 with:

Clerk of the U.S. Bankruptcy Court
District of Arizona
230 N. First Avenue
Suite 101
Phoenix, AZ 85003-1727

With copies mailed or served
via (email or fax* or electronic notification** if so marked)

**Mr. Edward J. Maney, Trustee
101 N. 1st Avenue
Suite 1775

Phoenix, AZ 85003

John William Hall, IV
P.O. Box 54802
Phoenix, AZ 85078
*Debtor*

By: */s/Cynthia Johnson*